UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 24-3191 |
| | ) |
| STEVEN HALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

Plaintiff David Bentz, proceeding *pro se* and currently incarcerated at Western Illinois Correctional Center ("Western"), filed a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 30).

**I.    Screening Standard**

The Court must "screen" Plaintiff's Third Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Third Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

II.     Facts

During the relevant period, Plaintiff was incarcerated at Western. Plaintiff files suit against Correctional Officers Steven Hall, Berry, and Gooslage, Warden Brittany Greene, Major Manton, Counselors S. Hasten and D. Hasten, Grievance Officer Eric Wohlfeil, and John/Jane Does #1-18.

Plaintiff alleges Defendant Correctional Officer Hall retaliated against him after he identified him as one of the John Doe Defendants in *Bentz v. Ashcraft, et al.*, Case No. 23-cv-3005, on March 2, 2023. On March 4, 2023, Defendant Hall allegedly stopped Plaintiff to conduct a pat down, made derogatory remarks about Plaintiff, told other officers that Plaintiff "needed to be taught a lesson," threatened to issue Plaintiff a bogus disciplinary ticket, and instructed other officers to harass and retaliate against Plaintiff for suing him. (Doc. 30 at p. 8).

Plaintiff alleges his family members contacted Defendant Warden Greene several times from March 2-27, 2023 regarding Defendant Hall's retaliatory conduct, but Defendant Greene allegedly refused to take action.

Plaintiff alleges he filed grievances and a motion for temporary restraining order against Defendant Hall in *Bentz v. Ashcraft* on March 23, 2023. The same day, Defendant Hall allegedly retaliated against Plaintiff by conducting a shakedown of his cell, destroyed his personal property, confiscated his jean jacket, and issued a bogus disciplinary ticket for possession of an altered state jacket. Plaintiff states he received a copy of the disciplinary ticket, but it was illegible. As a result, Plaintiff claims his due

process rights were violated because he did not receive 24-hour written notice of the disciplinary charges and was unable to call witnesses at his hearing.

Plaintiff alleges Defendant Counselor K. Hasten ignored the grievances he filed on March 2, 2023 and March 27, 2023 and failed to protect him from Defendant Hall's retaliation. Plaintiff also alleges Defendant K. Hasten allowed Defendant Hall to respond to his grievances, which Plaintiff claims violated IDOC policy.

During an Adjustment Committee hearing on March 28, 2023, Defendant John Doe #18, the Adjustment Committee Chairperson, found Plaintiff guilty of possession of an altered state jacket, imposed one month of C-Grade and one month of yard restriction, and moved Plaintiff to the C-Grade wing. During the hearing, Plaintiff asked to see the altered state jacket. When Defendant John Doe #18 showed him the jacket, Plaintiff informed Defendant that it was a jean jacket, not a state jacket. Defendant asked Plaintiff what he wanted to do with the jacket. When Plaintiff informed Defendant he planned to file a grievance against him, Defendant allegedly stated: "Well if your [sic] going to write a grievance then I am going to find you guilty and give you one month C-Grade and one month yard restriction. If you had chose[n] to send [the jacket] home on a visit or out by mail I would have [thrown] the ticket out." *Id.* Plaintiff alleges his disciplinary ticket was later expunged and his jean jacket was returned to him.

Plaintiff alleges he was placed in the C-grade housing unit from April 3, 2023 through May 1, 2023, and was subjected to unconstitutional conditions. Specifically, Plaintiff alleges his toilet was a "ping-pong toilet," which caused feces and urine to flood his cell. *Id.* at p. 10. Plaintiff alleges he asked staff members for cleaning supplies, but his

3

requests were denied. Plaintiff alleges his cell was cold; there was black mold in the shower; and water leaked into his cell when it rained. Plaintiff also alleges he was denied yard time, exercise, mental health care, television privileges, his tablet, phone time, and access to programs, the law library, the gym, and commissary. Plaintiff states he had difficulty sleeping due to continuous noise from televisions and seriously mentally ill ("SMI") inmates. Plaintiff alleges he was exposed to toxic smoke because there was no ventilation in the housing unit. Plaintiff asserts he received smaller portions of food while on C-Grade and experienced weight loss. Finally, Plaintiff alleges the conditions of his confinement caused stress, anxiety, and depression.

Plaintiff alleges he personally informed Defendant Warden Greene about the conditions when she made several rounds within Plaintiff's housing unit between April 3, 2023 and May 1, 2023, but she refused to take action. Plaintiff also alleges he personally informed Defendants Manton, John Does #2, #6, #7, #9, #10, and #11, and John/Jane Doe #12, but they refused to take action or move him to another cell.

In a conclusory fashion, Plaintiff alleges Defendants Berry, Gooslage, Jane Doe #8, and John Does #1, #3, #4, #13, #14, #15, #16, and #17 "had personal knowledge" of the allegedly unconstitutional conditions of confinement but refused to take action. *Id.* at pp. 14-15.

Plaintiff also claims Defendants Berry and John Doe #1 retaliated against him for filing grievances and lawsuits.

4

Plaintiff alleges Defendants Wohlfeil, K. Hasten, and D. Hasten violated his First Amendment rights by placing fabricated documents in his grievance records and refusing to process his grievances against Defendant Hall.

## III.     Analysis

To establish a First Amendment retaliation claim, Plaintiff must successfully allege that (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the defendant's action. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The Court finds Plaintiff's allegations are sufficient to proceed on a First Amendment retaliation claim against Defendant Hall for retaliating against Plaintiff for filing grievances and a lawsuit against him. Plaintiff also states a First Amendment retaliation claim against Defendant John Doe #18 (Adjustment Committee Chairperson) for allegedly finding him guilty of a disciplinary violation because Plaintiff informed Defendant John Doe #18 he planned to file a grievance against him.

Plaintiff alleges his family contacted Defendant Warden Greene about Defendant Hall's alleged retaliation, but she failed to take action. There is no *respondeat superior* under § 1983. In other words, Defendant Greene cannot be liable based only on her supervisory status. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are

accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Furthermore, "[s]imply receiving correspondence" does not make a prison official liable for the alleged infraction. *Norington v. Daniels*, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates).

Plaintiff alleges his Fourteenth Amendment procedural due process rights were violated. The review of a procedural due process claim requires a two-part analysis: whether the plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997).

Plaintiff alleges he was found guilty of a bogus disciplinary violation for possession of an altered state jacket and received one month of C-Grade, which is

6

generally not considered long enough to trigger due process protections when standing alone. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed). However, Plaintiff indicates he suffered additional punishment in the form of insufficient food, lack of access to the yard, programs, and audio-visual equipment, and was subjected to harsh conditions, including black mold in the showers, water leaking into his cell, excessively cold temperatures, smoke, and a "ping-pong toilet." Construing these allegations liberally in Plaintiff's favor, the Court finds his Third Amended Complaint describes a protected liberty interest. *See Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (Fewer than six months in disciplinary segregation can establish a liberty interest "depending on the conditions of confinement.").

The Court must also consider whether the Third Amended Complaint describes a violation of due process protections. An inmate facing discipline that does not extend the length of their confinement is entitled to "informal, nonadversarial due process." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880 (7th Cir. 2024)). Informal due process requires: (1) notice of the reasons for the inmate's placement in segregation; and (2) an opportunity for the inmate to present his views in a written statement or at a hearing. *Ealy*, 109 F.4th at 966 (citing *Adams*, 91 F.4th at 885). This standard is typically satisfied when an inmate is allowed to present a written statement, and the decisionmaker reviews the charges and available evidence against the prisoner. *Id.* (citation omitted).

Plaintiff alleges he was not informed of the disciplinary charges until the hearing, as he received an illegible copy of the disciplinary ticket. Plaintiff also asserts he was unable to formulate a defense or call witnesses. Thus, Plaintiff will be permitted to proceed on a Fourteenth Amendment procedural due process claim against Defendants Hall and John Doe #18.

While Plaintiff was in C-Grade from April 3, 2023 until May 1, 2023, Plaintiff alleges he was subjected to unconstitutional conditions of confinement. Conditions that deny an inmate "the minimal civilized measures of life's necessities" violate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Adequate food, clothing, shelter, and medical care are considered basic needs. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). A claim for unconstitutional conditions of confinement arises when a defendant responds with deliberate indifference to a substantial risk of harm posed by the conditions to a plaintiff's health or safety. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). This requires allegations that each defendant was involved in the deprivation.

Here, Plaintiff alleges he was denied mental health care and was exposed to toxic smoke, black mold, and excessive cold. Plaintiff claims he received smaller portions of food while on C-Grade and experienced weight loss. He also alleges the toilet in his cell was a "ping-pong toilet," his cell flooded with urine and feces, and he was denied cleaning supplies. Plaintiff alleges he personally informed Defendant Warden Greene about the conditions when she made several rounds in his housing unit. Plaintiff also alleges he personally informed Defendants Manton, John Does #2, #6, #7, #9, #10, and #11, and John/Jane Doe #12, but they refused to take action or move him to another cell.

8

The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment conditions of confinement claim against Defendants Greene, Manton, John Does #2, #6, #7, #9, #10, and #11, and John/Jane Doe #12.

Plaintiff is advised unidentified Doe Defendants cannot be served. Defendant Warden Greene, in her official capacity, is best suited to assist Plaintiff with the identification of the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Defendant Greene aimed solely at identifying John Does #2, #6, #7, #9, #10, #11, and #18 and John/Jane Doe #12. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants and file a motion to substitute the real names of the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

In a conclusory fashion, Plaintiff alleges Defendants Berry, Gooslage, Jane Doe #8, and John Does #1, #3, #4, #13, #14, #15, #16, and #17 "had personal knowledge" of the alleged conditions but refused to take action. Plaintiff does not allege that he personally informed them about the conditions or explain how they had personal knowledge. Plaintiff's sparse allegations are insufficient to state an Eighth Amendment claim. Plaintiff also asserts Defendants Berry and John Doe #1 retaliated against him for filing grievances and lawsuits, but Plaintiff does not specify how Defendant Berry allegedly retaliated against him. Plaintiff named John Doe #5 as a Defendant but did not include any specific allegations against him in his Third Amended Complaint. Defendants Berry,

Gooslage, Jane Doe #8, and John Does #1, #3, #4, #5, #13, #14, #15, #16, and #17 are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Finally, Plaintiff fails to state a First Amendment claim against Defendants K. Hasten, D. Hasten, and Wohlfeil based on allegedly mishandling his grievances. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Id.* at 547 (citing *Owens*, 635 F.3d at 953-54). Defendants K. Hasten, D. Hasten, and Wohlfeil are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Third Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a First Amendment retaliation claim and a Fourteenth Amendment procedural due process claim against Defendants Steven Hall and John Doe #18 (Adjustment Committee Chairperson/C.O.) and an Eighth Amendment conditions of confinement claim against Defendants Brittany Greene, Manton, John Does #2, #6, #7, #9, #10, and #11, and John/Jane Doe #12. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.**

2) **Defendants S. Hasten, D. Hasten, Eric Wohlfeil, Berry, Gooslage, Jane Doe #8, and John Does #1, #3, #4, #5, #13, #14, #15, #16, and #17 are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.**

3) **The Clerk is directed to TERMINATE Defendant Gooslage.**

4) **Defendant Steven Hall returned his executed Waiver of Service of Summons. (Doc. 18). No waiver needs to be issued for Defendant Hall. Defendant Hall is DIRECTED to file an answer to Plaintiff's Third Amended Complaint within 30 days of this Order.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants Greene and Manton before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants Greene and Manton by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

7) **Defendants Greene and Manton shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.**

8) **If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

9) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not**

apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

14) The discovery and dispositive motion deadlines remain STAYED. The Court will enter an Amended Scheduling Order when Defendants Hall, Greene, and Manton have answered Plaintiff's Third Amended Complaint.

15) Plaintiff is advised that Doe Defendants cannot be served. Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying John Does #2, #6, #7, #9, #10, #11, and #18, and John/Jane Doe #12. Under the circumstances, the Court finds Defendant Greene, in her official capacity as Warden, is best suited to respond to this discovery. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants. Failure to do so will result in the dismissal of the Doe Defendants without prejudice.

16) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  12/9/2025

s/ *Colleen R. Lawless*

―――――――――――――――――――
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE